IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Nationwide Mutual Fire Insurance Company, | C/A No. 3:16-cv-1515-CMC |
| Plaintiff, | |
| v. | Opinion and Order Granting Motion for Summary Judgment |
| Robert Van Sickle, Toni Van Sickle, and Appolonia Rush, | |
| Defendants. | |

Through this action, Plaintiff, Nationwide Mutual Fire Insurance Company ("Nationwide"), seeks a declaratory judgment that it has no obligation to provide liability coverage to Defendant Appolonia Rush ("Rush") for claims arising from a vehicle accident in which Defendants Robert and Toni Van Sickle ("Van Sickles") were injured. Those claims are now pending in *Van Sickle and Van Sickle v. Rush and Prince*, S.C. Com. Pl. Case No. 2016-CP-43-620 ("Underlying Action").

The matter is before the court on Nationwide's motion for summary judgment. For the reasons set forth below, the motion is granted.

**STANDARD**

Summary judgment should be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is well established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view the evidence before it and the inferences to be drawn

therefrom in the light most favorable to the nonmoving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

Rule 56(c)(1) provides as follows:

>  (1) A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>  (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials; or
>
>  (b) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

## **FACTS**[1]

On April 5, 2015, the vehicle driven by Rush struck the Van Sickles' vehicle when Rush drove into its path. ECF No. 1-2, Underlying Action, Compl. ¶ 4 (incorrectly depicted in the Underlying Action Complaint as the second paragraph 3). The Van Sickles allege Rush is liable for their injuries because she was speeding and failed to keep her vehicle under control and the accident was caused by her reckless driving. Underlying Action, Compl. ¶¶ 4-5. They allege Ms. Lois Prince ("Prince"), the owner of the vehicle, is liable for Rush's negligence because she entrusted the vehicle to Rush, authorizing her to drive the vehicle. Underlying Action, Compl. ¶¶ 16, 18, 31. While Prince was the owner of the vehicle, she allowed her son, Broderick Goodwin

---

[1] Because this action seeks declaratory relief as to Nationwide's duty to defend or indemnify Rush for claims asserted in the Underlying Action, the facts presented here are drawn primarily from the Complaint in that action.

("Goodwin"), to use the vehicle starting in 2009. ECF No. 25-4, Prince Dep. 13:6-14:1. At that point, Goodwin did not reside with his mother, and she acquired another car for her use. *Id.* at 14:2-9. Both Goodwin and Prince testified at deposition that Prince told Goodwin only he could drive the car, and no one else was allowed to do so. *Id.* at 14:21-15:9; ECF No. 25-5, Goodwin Dep. 13:19-14:8.

The Nationwide Policy ("Policy") that insures the vehicle owned by Prince provides coverage for damages:

> for which you are legally liable as a result of an accident arising out of the ownership; maintenance or use; or loading or unloading of your auto. A relative also has this protection. So does any person or organization who is liable for the use of your auto while used with your permission.

ECF No. 25-3, Policy Declarations at 3.

In the Definitions section of the Policy, "Policyholder" is defined as "the first person named in the Declarations. The policyholder is the named insured under this policy but does not include the policyholder's spouse." *Id.* at 2. The Definitions section also states "**you** and **your** mean . . . the policyholder and spouse, if resident of the same household, when the policyholder is a person . . ." *Id.* Relative is defined as "one who regularly lives in your household and is related to you by blood, marriage or adoption (including a ward or foster child). A relative may live temporarily outside your household." *Id.* "Insured" is defined as "one who is described as entitled to protection under each coverage." *Id.*

The Policy lists the "Policyholder (Named Insured)" as Lois Prince, but lists both Lois Prince and Broderick L. Goodwin as "Insured Driver(s)." *Id.* at 1.

3

# ARGUMENTS

In support of its motion for summary judgment, Nationwide argues it has no duty to cover these claims because the driver, Rush, was not a covered individual under the policy. Nationwide contends Rush is not a named insured or resident relative under the policy, and is not a permissive user of the vehicle because Prince, the named insured on the policy, specifically instructed Goodwin not to allow anyone else to operate the vehicle. Nationwide further argues Prince had no knowledge Rush was driving the vehicle and did not give her express or implied permission to do so. Nationwide argues Goodwin's permission to Rush, though disputed, does not satisfy the requirement because he is not a named insured on the policy.

The Van Sickles argue that Goodwin is a named insured on the policy and, as such, gave Rush permission to operate the vehicle. They contend Goodwin allowed Rush to drive the vehicle regularly, with and without him as a passenger. They further argue that Goodwin gave implied consent to Rush to use the vehicle on the night the accident occurred.

In reply, Nationwide argues Goodwin is not a named insured, and therefore could not grant permission to Rush to use the vehicle. Therefore, Nationwide argues coverage does not apply under its policy.

In light of these arguments, the motion presents a question whether Goodwin was a named insured on the Nationwide policy, and therefore able to grant permission to Rush to drive the vehicle. For reasons explained below, the court answers in the negative.

**DISCUSSION**

The question presented raises issues of policy interpretation. Under South Carolina law, "[w]ords in insurance contracts are to be given their plain, ordinary and popular meaning. . . . [A]ny ambiguous terms are to be construed liberally in favor of the insured [and] exclusionary terms [are to be] narrowly construed to the benefit of the insured." *Hutchinson v. Liberty Life Ins. Co.*, 743 S.E.2d 827, 829 (S.C. 2013) (internal marks and citations omitted); *see also Owners Ins. Co. v. Clayton*, 614 S.E.2d 611, 614 (S.C. 2004) ("Insurance policy exclusions are construed most strongly against the insurance company, which also bears the burden of establishing the exclusion's applicability[.]"); *Tobin v. Beneficial Standard Life Ins. Co.*, 675 F.2d 606, 607 (4th Cir. 1982) ( in the absence of ambiguity, the policy is to be interpreted according to the plain and ordinary meaning of the words by which the parties chose to contract."). While ambiguities are construed in favor of coverage, "[c]ourts should not . . . torture the meaning of policy language in order to extend or defeat coverage that was never intended by the parties." *Cook v. State Farm Auto. Ins. Co.*, 656 S.E.2d 784, 786-787 (S.C. Ct. App. 2008) (internal marks omitted).

**I.    Named Insured**

The Policy defines "Policyholder" as "the first person named in the Declarations. The policyholder is the named insured under this policy but does not include the policyholder's spouse." ECF No. 25-3, Policy Declarations at 2. The Policy lists the "Policyholder (Named Insured)" as Lois Prince, but lists both Lois Prince and Broderick L. Goodwin as "Insured Driver(s)." *Id.* at 1.

Although the Van Sickles argue Goodwin was a named insured under the policy, the plain language of the policy clearly shows there is only one "named insured," and that is Prince. Goodwin is an insured driver, but this does not rise to the level of a "named insured." *See Ex parte*

5

*United Services Auto. Ass'n.*, 614 S.E.2d 652, 654 (S.C. Ct. App. 2005) (holding an individual listed as "operator" or "driver" on the declarations page of an insurance policy does not constitute a named insured); *see also Lester v. Nationwide Mut. Ins. Co.*, 586 F. Supp. 2d 559 (D.S.C. 2009) (holding Nationwide's listing of an individual as an "insured driver" did not mean that individual was a "named insured"); *Nationwide Mut. Ins. Co. v. Williams*, 472 S.E.2d 220, 222 (N.C. Ct. App. 1996) ("Enforcing the policy as written and declining to rewrite its terms, we reject defendant's contention that the term "driver" is synonymous with "named insured." (internal citation omitted)). Therefore, under the terms of the policy, Goodwin was unable to grant permission to Rush to use the car and have Nationwide cover claims from the accident that followed.

## II. Permissive Use

As Prince is the only named insured, only she could give Rush permission to drive the vehicle in order for Nationwide coverage to apply.[2] There is no contention Prince ever met Rush or gave her express or implied permission to use the vehicle. The Van Sickles' argument regarding Goodwin's ability to grant permission is unpersuasive, as Goodwin was not a named insured on the policy, which clearly states only the named insured can grant permissive use. ECF No. 25-3, Policy Declarations at 3 (granting coverage for damages for which "any person or organization who is liable for the use of **your** auto while used with **your** permission" is liable, where **you** is defined only as the policyholder and spouse).

In addition, testimony from both Prince and Goodwin shows Prince expressly told Goodwin no one else was to drive the car. There is no evidence Prince ever changed her position

---

[2] It is undisputed that Rush is neither the named insured nor a relative of the named insured.

or gave permission for others to drive the car. Therefore, Rush did not have Prince's permission to drive the vehicle. Further, based on Prince's position regarding others driving the vehicle, Rush did not have implied consent either. *State Farm Mut. Auto. Ins. Co. v. Allstate Ins. Co.*, 255 S.C. 392, 397, 179 S.E.2d 203, 205 (1971) ("There could be no implication of consent by the named insured to that which he expressly prohibited.").

Therefore, because Rush was not a permissive user of the vehicle, the Policy does not cover claims arising from the accident that occurred while Rush was driving.

## CONCLUSION

For the reasons set forth above, Nationwide's motion for summary judgment is granted. Judgment shall be entered for Nationwide declaring it has no duty to provide coverage as to claims asserted in the Underlying Action.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
April 14, 2017